```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE

CHRISTINE C. SHUBERT, Chapter 7   :
Trustee of Winstar Communications,:
Inc. and Winstar Wireless, Inc.,  :
                                  :
         Plaintiff,               :
                                  : Civil Action No. 04-928 JJF
    v.                            :
                                  :
LUCENT TECHNOLOGIES, INC.,        :
                                  :
         Defendant.               :
```

### MEMORANDUM ORDER

Pending before the Court is the Motion To Certify Order For Appeal Pursuant To 28 U.S.C. § 1292(b) (D.I. 13) filed by Defendant Lucent Technologies, Inc. ("Lucent"). For the reasons set forth below, the motion will be denied.

**I.   BACKGROUND**

On April 18, 2001, Winstar Communications, Inc. and Winstar Wireless, Inc. (collectively, "Winstar") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Winstar concurrently commenced an Adversary Proceeding alleging that Lucent Technologies, Inc. ("Lucent") breached several of the contracts between Winstar and Lucent, allegedly forcing Winstar to file its bankruptcy petition. Lucent filed several proofs of claim, asserting claims against Winstar that include secured and unsecured claims for sums allegedly due under agreements between Lucent and Winstar.

In January 2002, the Bankruptcy Court converted the Winstar bankruptcy proceeding from a Chapter 11 case to a Chapter 7 case,

and the bulk of Winstar's assets were subsequently liquidated. Following the conversion, Christine C. Shubert ("the Trustee") interceded to prosecute this action as Plaintiff and filed the Second Amended Complaint (A.D.I. 69).

In the Second Amended Complaint, the Trustee demanded a "trial by jury as to all issues so triable," and added Count XI, a claim seeking to equitably subordinate Lucent's claims. Two other claims remain in the case, Count VII for Breach of the Parties' Subcontracting Arrangement and Count X for Return of Preferential Transfer.

After the Bankruptcy Court decided the Motion of Lucent Technologies Inc. to Dismiss Certain Claims Of The Second Amended Complaint (A.D.I. 70), Lucent made a demand for a jury trial and asserted four counterclaims for fraud and negligent misrepresentation. (A.D.I. 156.)  Lucent asserted these counterclaims with regard to financial information that Winstar allegedly provided to Lucent during due diligence that Lucent conducted in November and December 2000.

On November 16, 2004, the Court entered an Order (D.I. 12) denying Lucent's Motion To Withdraw The Reference To The Bankruptcy Court (D.I. 1). The Court concluded that discretionary withdrawal of the adversary proceeding was not warranted because (1) Lucent waived its right to a jury trial with regard to the claims at issue; (2) the factors set forth in

In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990), did not support a finding of cause; and (3) Lucent had not followed Local Bankruptcy Rule 5011-1.  In concluding that Lucent waived its right to a jury trial, the Court found that (1) Lucent waived its right to a jury by filing proofs of claim, and (2) Lucent was not entitled to rely on the Trustee's jury demand after having waived its right to a jury.

On December 15, 2004, Judge Rosenthal denied Lucent's Motion For Summary Judgment On Counts VII, X, and XI of the Second Amended Complaint And For Partial Summary Judgment On Lucent's Affirmative Defense Of New Value (A.D.I. 210) in the Bankruptcy Court.  The Bankruptcy Court has not determined whether this matter is a core or non-core proceeding.

## II.  Legal Standard

Under 28 U.S.C. § 1292(b), leave to file an interlocutory appeal may be granted when the order at issue (1) involves a controlling question of law upon which there is (2) a substantial difference of opinion, and (3) when immediate appeal from the order may materially advance the ultimate termination of the litigation.  The party seeking leave to file an interlocutory appeal must establish that exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment.  First Am. Bank of New York v. Century Glove, Inc., 64 B.R. 958, 961-62 (D. Del. 1986) (citing

Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978)).

### III. Discussion

By its Motion, Lucent contends that the Court's November 16 Order should be certified for appeal, because the Court's denial of Lucent's motion to withdraw the reference was based on the Court's conclusion that Lucent waived its right to a jury trial. Lucent contends that the Court's denial of its right to a jury trial would plainly constitute reversible error on appeal, if the Third Circuit determines that the Court erroneously adjudicated the waiver issue. Lucent contends that certification of the Order should be permitted to avoid infringing on Lucent's right to a jury trial.

If a question is such that an erroneous determination of it would require reversal on final appeal, it is a "controlling" question of law. See Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974). If a case is tried in a court with no jurisdiction, "certain reversal of the judgment on jurisdictional grounds" is sure to follow. Id. However, Section 1292(b) is not designed for review of factual matters. Link v. Mercedes-Benz of North America, Inc., 550 F.2d 860, 863 (3d Cir. 1976).

Reviewing the issues presented by Lucent in light of the standard for granting leave to file a motion for interlocutory appeal, the Court concludes that Lucent has not presented controlling and purely legal questions justifying interlocutory

4

review. While the question of whether the Court properly read Federal Rule of Civil Procedure 38(d) to permit an exception to the consent requirement for withdrawal of a jury trial demand when a party has previously waived its right to a jury trial presents a legal question, that legal question is first premised on the mixed factual and legal question concerning whether a party has waived its right to a jury trial. Lucent contends that the waiver issue presents a purely legal question, because the Court erred in failing to apply the legal analysis referenced in <u>Billing v. Ravin, Greenberg & Zackin, P.A.</u>, 22 F.3d 1242 (3d Cir. 1994). Specifically, Lucent contends that the Court was required to conduct a detailed comparison between the adversary proceeding and the proofs of claim when determining whether those claims should be tried in equity.

It is evident from the Court's November 16 decision that the Court considered the Third Circuit's decision in <u>Billing</u>. Thus, the Court is not persuaded that Lucent's argument is directed to the purely legal question of the applicable standard to be applied to waiver questions. Rather, in the Court's view, Lucent's argument goes more to the *manner* in which the Court applied the <u>Billing</u> decision to the facts of this case, a mixed question of law and fact. Because factual questions permeate the waiver issue, the Court concludes that the issues raised by Lucent are not suitable for interlocutory appeal.

In addition, even if the questions presented can be considered controlling legal questions, the Court concludes that Lucent has not demonstrated that a substantial ground for difference of opinion exists with regard to the determinations made by the Court and subject to the request for interlocutory appeal. The Court's decision in its November 16 Order is consistent with the decisions of other courts who have also considered the issue of waiver as it relates to the consent provision of Rule 38(d). See, e.g., In re Roman Catholic Archbishop of Portland in Oregon, 2005 WL 196477, *3 (D. Or. January 28, 2005) (citing In re Carrington Gardens Assocs., 248 B.R. 752, 767 (Bankr. E.D. Va. 2000)); Glaxo Wellcome, Inc. v. Genpharm, Inc., 1997 WL 381939, *1 (S.D.N.Y. July 9, 1997); Rosen v. Dick, 639 F.2d 82 (2d. Cir. 1980). Accordingly, the Court concludes that Lucent has not demonstrated that certification to appeal the Court's November 16 Order is warranted.

**IV. CONCLUSION**

NOW THEREFORE, IT IS HEREBY ORDERED, this 8 day of September 2005, that the Motion To Certify Order For Appeal Pursuant To 28 U.S.C. § 1292(b) (D.I. 13) filed by Defendant Lucent Technologies, Inc. is **DENIED**.

/s/ Joseph J. Farnan Jr.
UNITED STATES DISTRICT JUDGE

7